## CIRCUIT COURT OF WISE COUNTY

First Virginia Bank —
Mountain Empire

v.

Charles W. Ruff

March 31, 1992

Case No. L91–42

BY JUDGE J. ROBERT STUMP

Charles W. Ruff, debtor, moves for summary judgment, alleging he was not given reasonable notification of the private sale by Bank in a deficiency judgment claim based on an automobile installment sales contract.

After considering the pleadings, admissions, documents, counsels' oral arguments and written briefs, the court makes the following findings of fact and conclusions of law.

Bank sent a certified mail notice of a private sale of the repossessed automobile to Ruff at Route 1, Box 592, Coeburn. This was the proper address as agreed to and listed on the automobile installment sales contract.

Ruff did not receive the notice of sale, and the Bank knew this fact.

Prior to mailing the notice of sale, the Bank had two other documents in its possession showing a different address for Ruff as follows: Route 1, Box 596A, Coeburn. The documents are the DMV certificate of title evidencing the Bank's lien and an insurance notice that Ruff's coverage had lapsed.

The Bank argues that the mere mailing of notice to Ruff at the address shown on the contract is sufficient under the U.C.C. The court disagrees.

The Bank ignores its actual knowledge of debtor's other box address number and that another person, not Ruff, received Bank's no-

tice of sale. The Bank *knew* Ruff did not have notice of the sale and failed to send an additional notice to Ruff's other address of which the Bank had independent actual knowledge. The Bank cannot stick its head in the sand and ignore the debtor's rights under the U.C.C.

The court adopts the absolute bar theory as contended in Ruff's brief and finds under the facts of this case that "reasonable notification" of the sale was not sufficient per § 8.9–504(3). Ruff's motion for summary judgment is sustained, and this case is dismissed.

The court will not additionally punish the Bank and allow Ruff to recover statutory damages for the Bank's failure to comply with U.C.C. requirements per § 8.9–507(1).